McKinney, J.,
delivered the opinion of the Court.
This was a motion in the circuit court of Lawrence county, against the sheriff and his sureties, for an insufficient return of an execution, issued from said court, upon a judgment in favor of the plaintiff, against Henry Riddle and Andrew W. Hogans, for $150 37£, and costs of suit.
*308 It appears that said execution was issued, and placed in the hands of the defendant, Chaffin, on the 1st day of February, 1851, and was returnable to the February term of said court, which commenced on the 10th day of said month. It was returned with this endorsement on the back, “Came to hand the day issued, and nothing made for lack of time.”
Is this such a return as will protect the sheriff from a judgment on motion, under the act of 1835, chap. 19, § 6? Certainly not. To be sufficient, the return must show, upon its face, that the command of the writ has been complied with; or the existence of such a state of facts as, without fault or negligence on the part of the officer, hindered such compliance. 10 Humph., 244. The present return does neither. In the execution of process, the sheriff is held to prompt and active diligence. It forms no legal excuse for the defendant, in the present case, that ten entire days did not intervene between the day the execution was issued and placed in his hands, and the return day thereof. This, if a levy had been made, would have been a sufficient excuse for his not having the money ready to render on the return day, because there was not the length of time, required by law, to advertise and sell the property levied on. But it furnishes no reason for his gross neglect of duty, in failing to make a levy. This he was bound to do in reasonable time, if the defendant were possessed of property, within his county, subject to execution; and the return in this case implies that he was so possessed of property, sufficient to have satisfied the execution; if the fact had been otherwise, the sheriff ought, and it is to be presumed, would have made return accordingly.
If a levy had been made, a return of such levy, coupled with the fact that there was not time to sell, before the return day of the execution, would have been a sufficient return, because this was all that, under the circumstances, the sheriff could have done, and all that the law exacted of him in such *309 case. Had this been done, the title, if the levy were upon personal property, would have been vested in the sheriff, and the property would have'remained in custody of the law; and the sheriff, after the return of the execution, might have sold it without further process or levy, and would have been bound to do so. If real estate had been levied on, upon return of the execution, the court would have awarded a venditioni ex-ponas, by virtue of which the sheriff could have proceeded to make sale thereof. 3 Humph., 383; 10 Yerger, 328; 6 Yerger, 309.
It follows, therefore, that the ground of excuse relied upon by the sheriff, namely: “lack of time,” is wholly insufficient in law; and essentially untrue, in point of fact.
The judgment of the circuit court, dismissing the motion, will be reversed, and judgment will be rendered here, against the sheriff, and the other defendants, the sureties in his official bond.